**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| THOMAS PLUMP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:10-CV-489-PS |
| | ) | |
| SUPERINTENDENT, MIAMI | ) | |
| CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Thomas Plump, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the loss of earned credit time in a prison disciplinary hearing. According to the administrative record, Sergeant T. Reed charged Plump with violating Offense #117 of the Indiana Department of Corrections Adult Disciplinary Procedures ("ADP") (DE 7-1). That section prohibits inmates from assaulting staff and causing bodily injury (DE 7-9 at 2). The ADP also contains a lesser offense – # 248 – dealing with assault on a staff member that does not result in bodily injury (DE 7-9 at 3). Essentially, Offense #248 is a lesser included offense of Offense #117, the only difference being that one involves an assault resulting in bodily injury and the other does not. The disciplinary hearing body ("DHB") found Plump guilty of violating Offense # 117 and sanctioned him with a thirty-day period of segregation, docked him thirty-days of earned credit time, and demoted him from Class I to Class II in credit earning class (DE 7-7).

Plump pursued an administrative appeal, and the Superintendent and the IDOC final reviewing authority affirmed the DHB's finding of guilt. But while the final reviewing authority affirmed the finding of guilt, he also reduced the charge from disciplinary Offense #117, to

Offense #248 (DE 10). The final reviewing authority also reduced the sanction imposed on Plump by "dismissing the reduction in credit earning class" and reducing the "earned credit time deprivation to fifteen days" from the thirty-day sanction previously imposed (DE 10).

Plump presents four grounds for review: 1) that there was insufficient evidence to support a finding of guilt; 2) that Sgt. Reed did not properly fill out the conduct report in violation of IDOC policy; 3) that the DHB only consisted of one person, in violation of IDOC policy; and 4) that prison officials did not "consider the essential elements [of the offense] in the finding of guilt" (DE 1 at 6). The Respondent has responded and submitted the administrative record of the disciplinary proceedings against Plump.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Only "some evidence" is needed to uphold the decision of the prison disciplinary body. *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

I.  **Alleged Violations of the IDOC Disciplinary Policy**

Grounds two and three of Plump's petition can be addressed together because they both allege that the Respondent violated the ADP. In particular, in ground two, Plump asserts that Sgt. Reed failed to include a witness in his conduct report (DE 1 at 5) as required by IDOC policy. In ground three, he alleges that the DHB consisted of only one person, also in violation

2

of IDOC policy (DE 1 at 6).

Plump asserts that he appeared before a single hearing officer, but the ADP required a three member hearing body. The Respondent states that the rule requiring multi-member disciplinary bodies was changed before Plump's hearing, and submits a copy of an executive directive, dated August 11, 2008, stating that "[t]he disciplinary hearing body will no longer be made up of three (3) staff persons" (DE 7-9 at 4).

But even if the IDOC policy had called for the DHB to consist of three members when Plump's hearing was conducted, Plump's petition would state no claim upon which habeas relief could be granted. A petition for writ of habeas corpus under § 2254 may be granted only for violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Plump's claim regarding a single hearing officer cannot support federal habeas relief because IDOC policies and procedures are created under the authority of state law, and volations of state law do not entitle prisoners to habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002).

In ground two of his petition, Plump claims that Sgt. Reed improperly filled out the conduct report. There is a space on the conduct report for the author to identify witnesses to the events that gave rise to the conduct report, which Sgt. Reed left blank (DE 7-1). But even if Sgt. Reed did not fill out the conduct report form in accordance with IDOC policy it states no claim upon which relief can be granted for the same reasons as stated in the previous paragraph. *Estelle*, 502 U.S. at 67-68; *Dellinger*, 301 F.3d at 764.

In addition, *Wolff v. McDonnell* does not mandate that a conduct report list witnesses to the offense; what *Wolff* does require is that a prisoner accused of wrongdoing have "the right to notice of the charges against him 'in order to inform him of the charges and to enable him to marshal the facts and prepare a defense.'" *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995)

3

(quoting *Wolff*, 418 U.S. at 564). The conduct report (DE 7-1) charges Plump with assault, states the date, time, and place of the offense, and states the facts of the offense. Accordingly, it was sufficient to inform Plump of the charges against him and to enable him to prepare a defense.

## II. Sufficiency of the Evidence

In ground one of his petition, Plump asserts that there was "insufficient evidence to support [a] guilty decison on assault on staff" code #117 (DE 1 at 5). In ground four, he alleges that prison officials did not "consider the essential elements [of the offense] in the finding of guilt" in "a class A assault on staff (117)" because there was no injury to the victim (DE 1 at 5).

Plump is not entitled to habeas relief on this claim because the IDOC final reviewing authority granted the relief he requested in his appeal by reducing the charge against him to offense # 248 – the lesser included offense of assault on a staff member that does not cause injury – and by greatly reducing the loss of earned credit time imposed on him (DE 7-10).

A DHB's determination of guilt should be upheld "if there is 'any evidence in the record that could support . . . [its] conclusion." *Whitford*, 63 F.3d at 535 (quoting *Hill*, 472 U.S. at 455-56). "Even 'meager' proof will suffice so long as 'the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quoting *Hill*, 472 U.S. at 457). This is a "lenient" standard, requiring no more than "a modicum of evidence." *Id.* In the proper circumstances, a conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Sgt. Reed accused Plump of Assault on Staff, stating that:

On the above date & approx. time I Sgt. Reed woke this offender up from his sleep. I told him we were going to shake him down. He then gave up a bag of tobacco. As I told him to stand up & strip I saw a cell phone. I gave him the

4

order to give it up. He then went to the window to try & break it & toss it out the
window. He quickly realized that wasn't going to happen so he pushed me to try
& get away. He then threw it into a room across the hall and I retrieved it.

[DE 7-1.]

Sgt. Reed's conduct report, which is based on his personal observations, alleges that Plump pushed him. This conduct report, by itself, could not support a finding of guilt on the original charge against Plump because offense # 117 also requires that the victim suffer a bodily injury, and the conduct report does not assert a physical injury. But this conduct report is sufficient, by itself, to support a lesser grade of assault, such as offense # 248, which deals with assaults on staff that do not result in bodily injury [DE 7-9 at 3]. Accordingly, the conduct report is sufficient to support the offense as reduced by the final reviewing authority.

The Fourteenth Amendment's due process clause guarantees prisoners advance written notice of the charges against them "to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact." *Wolff*, 418 U.S. at 564. Prison officials may change the charge after the conduct report is written, so long as the new charge also conforms to the facts stated in the conduct report. For example:

> *Wolff v. McDonnell* does not require the infraction notice to specify whether the offense charged was serious or minor. Here, the charge was possession of the Valium, and while the change from a Rule 24 charge to a Rule 3 charge raised the potential penalties, *the factual basis for both was possession of the same Valium at the same time. It is evident that the conduct violation report gave Holt all of the information he needed to make his defense.*

*Holt v. Caspari*, 961 F.2d 1370, 1373 (8th Cir. 1992) (emphasis added).

ADP offenses # 117 and # 248 both charge an inmate with "committing battery/assault upon any staff person." The facts outlined in the conduct report would support the assault element of either charge, but not the "bodily injury" element of offense # 117. Accordingly changing the rule with which Plump was accused of violating did not deny him due process

5

because the conduct violation report stated facts that supported the corrected charge and provided the facts Plump needed to prepare his defense against that charge. And because there is evidence in the record supporting a finding that Plump pushed Sgt. Reed, Plump is not entitled to habeas relief.

## CONCLUSION

For the foregoing reasons, I **DENY** this petition for writ of habeas corpus [DE 1], and **DIRECT** the clerk to close this case.

**SO ORDERED**.

ENTERED: September 23, 2011

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT